WM. E. HOLMES & CO. v. MOORE.

PLEADING—VERIFICATION.—A party living in another county than where his attorney resides and where suit is brought, may verify his own pleading.

Before ALDRICH, J., Barnwell, July, 1901. Affirmed.

Action by Wm. E. Holmes & Co. against W. W. Moore. From judgment for plaintiffs, defendant appeals.

*Messrs. Bates & Simms,* for appellant, cite: *On question decided:* Code, 178.

*Mr. A. H. Patterson,* contra, cites : *On question decided:*
Code, 178; 15 S. W., 1080; 3 Head., 498; Fitman's Trial
Pro., 537.

March 24, 1902.   The opinion of the Court was deliv-
ered by

MR. JUSTICE JONES.   The facts in this case are so very
similar to those in the case of Carolina Grocery Co. *v*. W. W.
Moore, which was heard at the same time with this case, that
it is not deemed necessary to do more than state the point of
difference between the two cases.   This was also an action
upon two promissory notes and an account for goods sold
and delivered, and the complaint contained the following
verification : "State of South Carolina, County of Charles-
ton.   Personally appeared before me, Leland Moore, who,
being duly sworn, deposes and says that he is a member of
the firm of Wm. E. Holmes & Co., plaintiffs in the above
action; that he has read the foregoing complaint, and the
allegations therein are true of his own knowledge.   Leland
Moore.   Sworn to before me, this 4th day of May, A. D.
1901.   Walter Beckan, [L. S.] Notary Public S. C."

The only question raised in this appeal which has not
already been considered and disposed of in the case of Caro-
lina Grocery Co. *v*. W. W. Moore, is whether the said verifi-
cation is sufficient; appellant contending that it is not suffi-
cient because Leland Moore, one of the plaintiffs, could not
verify the complaint, when his attorney resided in Barnwell
County and he in Charleston County.   This exception is not
well taken.   Sec. 178 of the Code of Civil Procedure pro-
vides : "The verification * * * must be by the affidavit of the
party, or if there be several parties united in interest and
pleading together, by one at least of such parties acquainted
with the facts, if such party be within the county where the
attorney resides, and capable of making the affidavit, &c."
This provision, upon which appellant relies in his conten-
tion, does not *restrict* a party to a suit in verifying his own
pleadings, but merely provides that he *must* verify, leaving

unaffected the general principle that a party *may* always verify his own pleadings.

The judgment of the Circuit Court is affirmed.